UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES PETERS | CIVIL ACTION |
| VERSUS | NO. 07-5612 |
| SAFECO GENERAL INSURANCE OF AMERICA | SECTION "N"  (1) |

## ORDER AND REASONS

Presently before the Court is the Motion to Dismiss Complaint (Rec. Doc. No. 3) filed by Defendant General Insurance Company of America.  For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED.**

In support of its motion, Defendant explains that, at the time of Hurricane Katrina, an insurance policy issued by it to Washington Mutual Bank, F.A., ("Washington Mutual"), was in effect.  Defendant argues that, because the policy is a "lender-placed" policy, and designed to insure a mortgagee's security interest, the mortgagor, Plaintiff, has no standing to sue Defendant in connection with damage caused to the mortgaged property by Hurricane Katrina.  Rather, argues Defendant, only the named insured, Washington Mutual, has standing to assert a claim under the policy.

On the showing made, the Court disagrees.  As explained by Plaintiff, the policy attached as Exhibit "A" to Defendant's motion states, in pertinent part:

\* \* \*

## DEFINITIONS

Throughout the policy, "you" and "your" refer to the Named Insured Mortgagee shown in the Declarations.

\* \* \*

"Borrower" means the mortgagor or mortgagors of an "insured location" indebted by a mortgage held or serviced by you. As used in this policy, "borrower" applies to the "insured location" on which the "borrower" is the mortgagor.

\* \* \*

**15. Loss Payment**
A. All losses except losses under Coverage 1F – Personal Property:
   We will adjust all losses with you. We will pay you but in no event more than the amount of your interest in the "insured location." Amounts payable in excess of your interest will be paid to the "borrower" unless some other person is named by the "borrower" to receive payment. Loss will be payable 30 days after we receive your proof of loss and:
(1) reach agreement with you;
(2) there is an entry of final judgment; or
(3) there is a filing of an appraisal award with us.

B. Losses under Coverage 1F – Personal Property:
   We will adjust all losses with the "borrower." We will pay the borrower unless some other person is named by the "borrower" to receive payment. Loss will be payable 30 days after we receive the "borrower's" proof of loss and:
(1) reach agreement with the "borrower";
(2) there is an entry of final judgment; or
(3) there is a filing of an appraisal award with us.

*See* Portfolio Security Policy, Exhibit A-2 to Defendant's Motion to Dismiss Complaint, at pages 1 of 11 and 10 of 11.

In the absence of contrary evidence or controlling legal authority, the Court, given the preceding policy language, cannot conclude, as a matter of law, that Plaintiff, the "borrower," has no standing to seek payment from Defendant of any amounts payable in excess of Washington Mutual's secured interest in the insured property. Although not involving identical policy language or factual circumstances, the Court finds *United States v. Automobile Club Company*, 522 F.2d 1, 2-3 (5th Cir. 1975), cited by Plaintiff, to be persuasive. On the other hand, given the materially different policy language at issue, the Court finds *Lea v. Balboa*, No. 91-1896, 1992 WL 74591 (E.D. La. April 8, 1992), and *Kilson v. American Road Insurance Company*, 345 So. 2d 967, 969 (La. App. 2 Cir. 1977), cited by Defendant, inapposite.

New Orleans, Louisiana, this 25th day of February 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**